UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HUTCHINSON and
CAITLYN HUTCHINSON,

      Plaintiffs,

v.                             Case No.:  2:24-cv-201-JES-KCD

KYRK PYROS, KP BUILDERS,
INC., ALLEGHENY CRANE
RENTAL, INC. and
APPALACHIAN BASIN CRANES,
LLC,

      Defendants.

_____/

## ORDER

Before the Court is Defendants' Motion to Disqualify Plaintiffs' Counsel of Record. (Doc. 28.)[1] Plaintiffs responded in opposition. (Doc. 29.) For the reasons below, the motion is denied.

## I. Background

Plaintiff William Hutchinson is a lawyer who previously worked as Defendants' in-house counsel. (Doc. 30.) In this suit, he alleges that Defendants defrauded him, broke commitments to him, and wrongfully terminated him because he complained about Defendants' unlawful conduct. He also claims

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

that Defendants did not honor a promise to buy him and his wife (Plaintiff Caitlyn Hutchinson) a house and vehicle.

Citing Rule 4-1.18 of the Florida Rules of Professional Conduct ("Duties to Prospective Client"), Defendants move to disqualify Plaintiffs' counsel Ernest Ricci and his law firm, Boatman Ricci, based on a conflict of interest. Defendants allege that before this suit was filed, Defendant Kyrk Pyros—at Hutchinson's recommendation—talked with Attorney Ricci twice in October 2022. The first conversation was a phone call where Attorney Ricci and Pyros discussed "potential representation of Defendants in their business matters in Florida." (Doc. 28-1 ¶ 11, Affidavit of Kirk Pyros.) The second conversation was at a dinner in Naples, Florida. Pyros alleges that during both meetings, they "discussed competitive advantages, employment practices, and various financial aspects of my business" that are confidential. (Doc. 28 ¶ 7; Doc. 28-1 ¶ 22.) Defendants say that because Attorney Ricci has obtained confidential business information, they are at an "unfair disadvantage" and will suffer "irreparable harm." (Doc. 28 at 12.)

Plaintiffs respond that Pyros's recitation of the events is simply untrue. In fact, they say the phone conversation never occurred, and no potential representation or business matters were discussed at the dinner. (*See* Doc. 29 at 2; Doc. 29-1, Ricci Affidavit; Doc. 29-2, Kaczynski Declaration; Doc. 29-3, Hutchinson Affidavit.) But even if an attorney-client consultation occurred to

trigger the Rules of Professional Conduct, they argue that Defendants have not met the standard for disqualification.

Defendants also cite Rule 4-1.9 of the Florida Rules of Professional Conduct ("Conflict of Interest; Former Client") to argue that another conflict of interest was created when Boatman Ricci hired Hutchinson after Defendants fired him.

## II. Legal Standard

"A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). Two sources of authority govern motions to disqualify counsel. First, attorneys are bound by the local rules of the court in which they appear. The Rules of Professional Conduct for the Florida Bar govern attorneys appearing here. *See* M.D. Fla. Rule 2.01(e). "Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). Disqualification of counsel is thus a drastic remedy that should be employed sparingly. *Norton v. Tallahassee*

*Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). And because a disqualification motion may be used to harass or for tactical advantage, it should be viewed with caution. *Herrmann*, 199 F. App'x at 752. The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d at 961.

If disqualification is based on an ethical violation, as sought here, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Instead, "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.*

## III. Discussion

A quick preliminary issue. The Court is satisfied Defendants lose even accepting their version of events. Thus, an evidentiary hearing is unnecessary to resolve this dispute. "[A]n evidentiary hearing would accomplish" nothing "except to cause the parties unnecessary expense." *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. Dist. Ct. App. 2002).

### A. Rule 4-1.18

Under Rule 4-1.18 of the Florida Rules of Professional Conduct, a lawyer's confidentiality obligations apply to prospective clients. The rule

prohibits a lawyer from representing a client in the "same or a substantially related matter if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter." R. Regul. FL. Bar 4-1.18(c). To be "substantially related," the matters "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *McPartland v. ISI Inv. Servs., Inc.*, 890 F. Supp. 1029, 1031 (M.D. Fla. 1995). The question of "[w]hether two matters are substantially related depends upon the specific facts of each particular situation or transaction." *The Florida Bar v. Dunagan*, 731 So. 2d 1237, 1240 (Fla. 1999).

Even accepting Defendants' recitation of the facts surrounding the meetings with Attorney Ricci, they have not shown that the matters discussed are substantially related to this litigation. This case concerns allegations of fraud and wrongful termination—Pyros and his companies allegedly defrauded Hutchinson and his wife regarding a mortgage transaction, broke commitments to Hutchinson, and wrongfully fired him, all occurring nearly a year after the meetings with Attorney Ricci. Pyros says his discussions with Attorney Ricci covered "competitive advantages, employment practices, and various financial aspects of my businesses." (Doc. 28-1 ¶¶ 21-22.) These are just general topics that Defendants have not connected in any real way to the claims here. *See, e.g.*, *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634,

637 (11th Cir. 2019). "Merely pointing to a superficial resemblance between the present" litigation and prior consultations, as Defendants do, is not sufficient for disqualification. *Mitchell v. Hunt*, No. 8:15-CV-2603-T-23TGW, 2017 WL 1157897, at \*4 (M.D. Fla. Jan. 9, 2017).

Rule 4-1.18 also tasks Defendants with proving that Attorney Ricci received confidential information that could be used to their disadvantage. This element is missing too. As mentioned, Pyros alleges a general discussion "of the business and employment practices of Defendants." (Doc. 28 at 11.) He offers no specific confidential information provided to Attorney Ricci, or how that information could harm Defendants. *See, e.g.*, *Kidd v. Kidd*, 219 So. 3d 1021, 1022 (Fla. Dist. Ct. App. 2017).

### B. Rule 4-1.9

Rule 4-1.9 of the Florida Rules of Professional Conduct prohibits a lawyer who has formerly represented a client from representing another person "in the same or a substantially related matter" where that person's interests are materially adverse to the former client. R. Regul. FL. Bar 4-1.9. Defendants argue that Hutchinson violated Rule 4-1.9 "by obtaining employment as an attorney with Boatman Ricci, the law firm representing him in this case." (Doc. 28 at 11.) And Hutchinson's conflict should be imputed across Boatman Ricci and prevent their representation. (*Id.* at 10.)

Contrary to Defendants' claim, Hutchinson's employment with Boatman Ricci doesn't automatically trigger disqualification. Rule 4-1.9 applies only where Hutchinson worked on matters "substantially related" to the instant litigation. Defendants have not connected those dots. Indeed, it defies common sense to suggest that Hutchinson handled his own fraud and wrongful termination claims against Defendants while working for them. What is more, Defendants offer no authority holding (or even suggesting) that a lawyer cannot join the law firm representing him in a dispute with his former employer. And in the absence of such authority, the Court declines to upend Plaintiffs' "constitutionally based right to counsel of choice." *In re BellSouth Corp.*, 334 F.3d at 955.

Defendants also suggest that a conflict arises because Hutchinson, as their former in-house counsel, was "privy to a substantial amount of confidential information regarding Defendants' business, employment[,] and financial practices." (Doc. 28 at 5.) But the Rules of Professional Conduct contemplate that confidential information may be revealed when the lawyer and his former client are adverse:

> **(c) When Lawyer May Reveal Information**. A lawyer may reveal confidential information to the extent the lawyer reasonably believes necessary to:
>
> > (2) establish a claim or defense on the lawyer's behalf in a controversy between the lawyer and client;

7

R. Regul. FL. Bar 4-1.6(c); *see also Alexander v. Tandem Staffing Sols., Inc.*, 881 So. 2d 607, 609 (Fla. Dist. Ct. App. 2004) (holding former in-house counsel could divulge confidential information to his attorney to litigate whistleblower claims).

Disqualifying counsel in a civil case is immensely unusual. Defendants have presented no compelling reason to invoke such a drastic remedy here, and thus their Motion to Disqualify Plaintiffs' Counsel (Doc. 28) is **DENIED**. The Court also **LIFTS THE STAY** and directs the Clerk to remove the stay flag. A case management conference will be set separately.

**ORDERED** in Fort Myers, Florida on June 6, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record